**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| RODNEY E. BAKER, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:11-cv-735-JMS-DML |
| | ) | |
| SUPERINTENDENT, New Castle | ) | |
| Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Rodney Baker is a state prisoner who was disciplined in a proceeding identified as No. IYC 09-04-0246 for violating prison rules by committing battery. The evidence favorable to the decision of the conduct board, *see Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court Awill overturn the . . . [conduct board=s] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994), is that during the morning of April 27, 2009, Baker was swinging a lock on a belt at fellow inmate Tracey Johnson. Baker then placed Johnson in a front head lock.

Contending that the proceeding was constitutionally infirm, Baker now seeks a writ of habeas corpus. The writ Baker seeks can be issued only if the court finds that he Ais in custody in violation of the Constitution or laws or treaties of the United States.@ 28 U.S.C. ' 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied.** The reason for this disposition is that the pleadings and the expanded record show that (1) the procedural protections required by *Wolff v. McDonnell,* 418 U.S. 539 (1974), were provided, (2) there was at least Asome evidence@ to support the decision of the conduct board as required by *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and (3) the proceedings were not otherwise tainted by prejudicial error.

Baker=s arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions

involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Baker to the relief he seeks. Accordingly, Baker=s petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

    **IT IS SO ORDERED.**

Date: 01/03/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana